## MONROE COUNTY *v.* HUDSON.

### (*Knoxville.*   November 17, 1891.)

1. STATUTES.   *Repeal of by implication not favored.*
   Repeal of statutes by implication is not favored.

2. SAME.   *Same.   Case in judgment.   Trustee's commission on school-moneys.*

   By Chapter 129, Acts 1879, the County Trustee was allowed five per cent. commissions for collecting and disbursing school-moneys levied upon the tax-payers of his county.   By Chapter 106, Acts 1881, this commission was reduced to one and one-half per cent.   Both these Acts were amendatory of that system of laws enacted "to establish and maintain a uniform system of public schools."   By Chapter 171, Acts 1881, the general assessment Act, passed one day later than the last named Act, the Trustee was allowed a larger per cent. "as compensation for his services in receiving and paying over to the rightful authorities all moneys received by him."   School-moneys are not, in terms, included in this Act.   This Act repeals all laws in conflict with its provisions.

   *Held:* Acts 1881, Chapter 171, does not repeal by implication the Acts 1879, Chapter 129, and Acts 1881, Chapter 106, and that the Trustee is entitled, under this legislation, to only one and one-half per cent.* commissions on school-moneys.

   Acts construed: Acts 1879, Ch. 129; Acts 1881, Chs. 106, 171.

---

### FROM MONROE.

---

Appeal from Chancery Court of Monroe County.
S. A. KEY, Ch.

W. B. STEPHENS and YOUNG & YOUNG for County.

---

* But see now Acts 1891 (Extra Session), Ch. 26, Sec. 19, and compare Acts 1889 Ch. 96, Sec. 72, and Acts 1887, Ch. 2, Sec. 70.—REPORTER.

McCROSKEY & HUNT for Hudson.

LURTON, J.  By Section 2, Act of 1879, Chapter 129, it was provided that the County Trustee should be allowed five per cent. on all school-money collected by him from the tax-payers of his county and paid out by him upon orders of school-directors.  By ·Chapter 106, Act of 1881, this section was so amended as to strike out five and insert one and one-half per cent. as the compensation.  By the general revenue Act of 1881, being Chapter 171 of Acts of 1881, the compensation of the Trustee for the collection of the taxes is fixed at sums set out in Section 59.  By Section 88 of the same Act, " all Acts and parts of Acts upon the subject of assessment and collection of taxes, and sale of land for taxes, in conflict with the provisions of this Act, and all other Acts in conflict with the provisions of this Act, be, and they are hereby, repealed."

It is now insisted that this later Act repeals all former Acts fixing compensation of Trustee for collection and disbursement of the county school-tax.  Repeals by implication are not favored.  If two Acts, can stand together, they will be so construed.  The Act of 1879, which first fixed a special compensation to Trustees for collection of the school-tax, is entitled "An Act to amend an Act entitled 'An Act to establish and maintain a uniform system of public schools,'" etc.  This Act regulates not only the compensation of Trustee,

but the mode in which the school-fund coming to his hands should be disbursed. The Act of 1881, amending this Act as to compensation, was passed April 5, 1881, while the Act which it is insisted repealed this amending Act, as well as the Act of 1879, so far as it fixed compensation of Trustee, was passed on April 6, a day only intervening. The title of this last Act is, "An Act to provide more just and equitable laws for the assessment and collection. of revenue for State and county purposes, and to repeal all laws now in force whereby revenue is collected from the assessment of real estate, personal property, privileges, and polls." Neither of the Acts supposed to be affected by the repealing clause of this last Act are assessment Acts. The compensation of Trustees for the collection of school-tax is not alluded to in this assessment Act. The compensation regulated has reference to the State and county tax, and not to the school-tax. The two Acts are not. necessarily repugnant. We think the Act of 1879, as amended by Chapter 106 of the Acts of 1881, was not affected by the repealing clause of the Act of 1881, Chapter 171, and that the Trustee was only entitled to the compensation fixed by the Act of 1881, Chapter 106, being one and one-half per cent.

The decree of the Chancellor must be affirmed.

The two cases of *State, for use, etc.,* v. *J. M. Lee,* and same against *J. C. Warren,* involve the same point, and must also be affirmed.